UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID HENDERSON | CIVIL ACTION NO. 07-cv-0758 |
| VERSUS | JUDGE HICKS |
| WARDEN, WINN CORRECTIONAL CENTER | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

David Henderson ("Petitioner") pleaded guilty in a Webster Parish state court to one count of distribution of cocaine. He received a 30-year sentence. He filed a direct appeal and unsuccessfully challenged his sentence as excessive. State v. Henderson, 880 So.2d 169 (La. App. 2d Cir. 2004). He then filed a post-conviction application that asserted the same issue. He later filed a second post-conviction application in which he argued that he was constructively denied counsel because his attorney did not adequately investigate the case, filed no pre-trial motions, and did not communicate with Petitioner. He now presents that issue in his federal habeas corpus petition. It is recommended, for the reasons that follow, that the petition be denied.

**State Court Proceedings**

Petitioner was charged by bill of information with two counts of distribution of cocaine. He was represented by William "Rick" Warren, an attorney with the Indigent Defender Board. There was not a trial, so the state court record filed with this court does not

contain a recitation of all the evidence the prosecution possessed, but the sentencing judge, Cecil P. Campbell, II, did set forth some of the underlying facts that were set forth in the pre-sentence report. The report stated that a confidential informant was given money and asked to attempt to purchase illegal drugs in the Cullen area. The informant, who wore a body wire, made two trips to Cullen. On each visit, video and audio surveillance showed Petitioner selling cocaine to the informant. Petitioner was charged with two counts of distribution of cocaine, and he faced a possible life sentence if the prosecution sought an enhancement based on Petitioner's status as a fourth-felony offender (with prior convictions for stealing Treasury checks, simple burglary, and distribution of cocaine).

Defense counsel negotiated a plea bargain by which Petitioner would plead guilty to one of the two counts of distribution of cocaine. The other count would be dismissed, and an habitual offender enhancement would not be sought. That reduced Petitioner's maximum sentence from natural life to 30 years.

When Petitioner entered his guilty plea, the judge discussed with him the several legal rights that he was waiving by entering a guilty plea, warned him of the maximum 30-year sentence, and told him that there had been no discussion about sentencing. The judge said: "The sentence I impose will be based on information I receive in a pre-sentence investigation and you could receive the maximum sentence." Petitioner said that he understood that. Petitioner also stated on the record that he had an opportunity to discuss the matter with his

attorney, that he was satisfied with the representation he had been afforded, and that he freely and voluntarily entered his guilty plea.

At sentencing, Judge Campbell noted Petitioner's criminal history, and he observed that increasingly stiff sentences for the past crimes had not been adequate to deter Petitioner from committing even more crimes. Petitioner committed the cocaine crimes at issue less than a year after his parole had ended from a previous cocaine distribution conviction that received a 10-year sentence. For that and other reasons, the judge imposed the maximum sentence of 30 years.

Petitioner's post-conviction application with respect to the issue he presents in his federal petition made a general complaint that his appointed counsel failed to offer a meaningful defense. He complained that counsel encouraged him to plead guilty, did not file pre-trial motions, and advised him that he would receive a less severe sentence if he pleaded guilty. The four-page memorandum in support of the application contains no other meaningful allegations of fact regarding the representation that Petitioner received.

State District Judge Jeff Cox denied the application without a hearing. He wrote that Petitioner "has failed to specify with reasonable particularity the factual basis for the requested relief." The state appellate court denied a writ application, writing: "On the showing made, the trial court did not err in denying conclusory claims of ineffective assistance of counsel and of an involuntary and uninformed plea." The Supreme Court of Louisiana denied writs without comment.

**Analysis**

Petitioner's habeas petition relies on an ineffective assistance of counsel claim. In the ordinary habeas case where there has been a trial and conviction, a petitioner bears the burden of proving two components, deficient performance and prejudice, to establish ineffective assistance of counsel. Counsel's performance was deficient only if he made errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded a presumption of competency, she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). Prejudice exists only if there is a reasonable probability that, but for the error, the result of the trial would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. Id. 104 S.Ct. at 2068.

The two-part test also applies to challenges to the voluntariness of guilty pleas based on ineffective assistance of counsel, but the prejudice analysis is modified to focus on whether counsel's ineffective performance affected the outcome of the plea process. The petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S.Ct. 366, 370 (1985). This assessment will turn partially on "a prediction of what the outcome of a trial might have been." Id.; Ward v. Dretke, 420 F.3d 479, 487 (5th Cir. 2005).

The test for habeas purposes is not whether Petitioner made the showing required under Strickland or Hill. The test is whether the State court's decision – that Petitioner did

not make the showing – was not only wrong but so incorrect as to be contrary to, or an objectively unreasonable application of, the standards provided by Strickland and Hill's clearly established federal law. Wiggins v. Smith, 123 S.Ct. 2527, 2535 (2003); Williams v. Taylor, 120 S.Ct. 1495 (2000); Henderson v. Quarterman, 460 F.3d 654, 665 (5th Cir. 2006).

Petitioner's application to this court contains no more facts than were found in his state court application. Petitioner repeats his assertion that he was constructively denied counsel, and he adds a conclusory assertion that he was "mentally and psychologically coerced into a guilty plea." He complains that counsel did not adequately investigate his case, confer with him, or put together a plausible defense.

Petitioner has offered nothing more than conclusory assertions to the state or federal court. He has not articulated what an investigation might have revealed, how further communication with him would have altered the result, or what plausible defense counsel might have mustered in light of the audio and video surveillance that showed Petitioner selling cocaine not once but twice. Petitioner has also failed to make so much as a bare assertion that, if counsel had only investigated more or conferred with him more often, Petitioner would have insisted on taking his chances by pleading not guilty and going to trial before Judge Campbell (who had a reputation for imposing the maximum sentence more often than most judges) on both cocaine counts and facing a possible natural life sentence as a fourth-felony offender.

There is no basis in this record to find that the state court's decision was anything but correct. It was certainly not so incorrect as to be an objectively unreasonable application of Strickland or Hill v. Lockhart. There is also no merit to Petitioner's assertion that he was constructively denied counsel. The constructive denial of counsel doctrine, which requires the court to vacate a conviction even if there is no showing of prejudice, applies "in only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." Gochicoa v. Johnson, 238 F.3d 278, 284 (5th Cir. 2005). When a defendant receives at least some meaningful assistance, he must prove prejudice to obtain relief for ineffective assistance of counsel. Id. at 285. Petitioner received assistance of counsel in the form of a negotiated plea bargain that, in the face of what appeared to be a slam dunk case for the prosecution and the potential for a life sentence, gained Petitioner a substantial reduction in sentencing exposure. The constructive denial doctrine does not apply in this case.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied** and that Petitioner's complaint be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of September, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE